# CHARLESTON.

## STATE *v*. BELCHER.

Submitted February 7, 1911.    Decided May 2, 1911.

CRIMINAL LAW—*Writ of Error—Proceedings for Transfer—Time—Writ of Error to Criminal Court.*

Section 16 of chapter 6 of the Acts of the Legislature, passed at the extraordinary session of 1908, creating a criminal court for the County of Mingo, provides the manner of obtaining an appeal or writ of error to the circuit court of said county from the judgment of the criminal court, and concludes as follows: *"provided, however,* no such appeal, writ of error or *supersedeas* to said court shall be allowed unless the petition therefor be presented in six months from the date of such judgment or order." *Held:*

(1.)   The circuit court has no power to award a writ of error to a judgment of said criminal court unless application therefor be made within six months from the date of the judgment. (p. 320).

(2.)   It is not error for the circuit court to dismiss a writ of error which had been awarded by the judge in vacation more than six months after the date of the judgment of said criminal court. (p. 321).

(3.)   This court cannot review the judgment and rulings of said criminal court when the writ of error to the circuit court was not applied for in time, or when it was properly dismissed after it had been awarded too late. (p. 321).

Error to Circuit Court, Mingo County.

Columbes Belcher was convicted of murder, and he brings error.

*Affirmed.*

*F. H. Evans,* for plaintiff in error.

*William G. Conley,* Attorney General, and *J. O. Henson,* Assistant Attorney General, for the State.

WILLIAMS, PRESIDENT:

Columbus Belcher was convicted by a jury of his peers in the criminal court of Mingo county for the murder of one Kirtus Carter, and on the 4th of June, 1909, sentenced to death. On the 1st of February, 1910, in vacation, he obtained from the judge of the circuit court of Mingo county a writ of error, which the court in term, on the 11th of March, 1910, dismissed as having been "improvidently awarded and granted because the petition for said writ of error and *supersedeas* was not presented within the time required by law." Thereupon defendant obtained a writ of error to this Court on the 31st of May, 1910.

The only question which we can inquire into is, whether the circuit court erred in dismissing the writ of error to the judgment of the criminal court of Mingo county. The criminal court of that county was created by chapter 6 of the Acts passed by the legislature at the extraordinary session of 1908. It confers upon that court jurisdiction to try and determine criminal cases, whether misdemeanors or felonies. Section 15 of the Act authorizes appeals and writs of error to the circuit court of the county from the judgments, rulings and orders of the criminal court in cases involving the "freedom of a person or the constitutionality of a law." Section 16 provides the manner of applying to the circuit court, or the judge in vacation, for appeals and writs of error, and concludes with this important proviso: "*provided, however*, no such appeal, writ of error or *supersedeas* to said court shall be allowed unless the petition therefor be presented in six months from the date of such judgment or order." The right and power of the legislature to provide the manner of appeals, and to prescribe a reasonable time within which applications therefor shall be made, is unquestionable. Six months is not an unreasonably short time

within which to apply for an appeal, or writ of error. Final sentence in this case was pronounced by the criminal court on June 4, 1909.; and the defendant did not make application to the circuit court, or to the judge thereof, for a writ of error until February 1, 1910. This was nearly eight months after the date of the judgment. There was, therefore, no jurisdiction in the circuit court to award the writ of error. The right of appeal was then barred by limitation. It, therefore, necessarily follows that the circuit court did not err in dismissing the writ of error as having been improvidently awarded by the judge in vacation.

Finding no error in the judgment of the circuit court dismissing the writ of error, we have no jurisdiction to enter upon a review of the trial of the case in the criminal court. But even if we were permitted to do so we could not say that the criminal court erred in refusing to set aside the verdict and grant defendant a new trial, because the evidence is not made a part of the record by bill of exceptions. We have, however, taken the pains to read the evidence appearing in the record, although it is not legally made a part of it, for the purpose of satisfying our consciences on the questions whether a fellowman may not have been convicted and sentenced to death on insufficient or improper evidence, and whether he may not have lost his right of appeal by neglect or mistake of his counsel; and we do not hesitate to say that, if the evidence which we find in the printed record is the evidence on which defendant was tried, and if we were authorized to review it, we could not say that the evidence does not warrant the servere verdict which the jury found. But we do not mean to intimate by this observation upon the sufficiency of the evidence to warrant the verdict that we would or could have done otherwise than affirm the judgment of the circuit court, if we had thought the evidence insufficient to warrant the verdict.

The judgment will be affirmed.

*Affirmed.*